19-2706
*Perry v. Slensby*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of June, two thousand twenty.

Present:
> ROBERT D. SACK,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> *Circuit Judges*,

_____

KEVIN PERRY,

> *Plaintiff-Appellant*,

> v.                                                                          19-2706

CAPTAIN ROBERT SLENSBY,

> *Defendant-Appellee*.

_____

For Plaintiff-Appellant:          MICHAEL H. SUSSMAN, Sussman & Associates, Goshen, NY

For Defendant-Appellee:          DAVID H. CHEN, Associate County Attorney, White Plains, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Roman, *J.*).

1

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Kevin Perry appeals from a July 29, 2019 decision of the United States District Court for Southern District of New York (Roman, *J.*) granting summary judgment to Defendant-Appellee Captain Robert Slensby on Perry's claim under 42 U.S.C. § 1983 of gender-based sexual harassment in violation of the Equal Protection Clause of the Fourteenth Amendment. At all times relevant here, both Perry and Slensby were employed by the Westchester County Department of Corrections. Slensby served as one of Perry's supervisors at the booking unit, and allegedly engaged in three incidents which formed the basis of Perry's complaint. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

## I.    Discussion

We review a grant of summary judgment *de novo*. *ING Bank N.V. v. M/V TEMARA, IMO No. 9333929*, 892 F.3d 511, 518 (2d Cir. 2018). We construe the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor. *Id*. Summary judgment is appropriate "if there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

To establish a hostile work environment claim under 42 U.S.C. § 1983, a plaintiff must show that "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Littlejohn v. City of New York*, 795 F.3d 297, 320–21 (2d Cir. 2015) (internal quotation marks omitted). "This standard has both objective and subjective components: the conduct complained of must be severe or pervasive enough that a reasonable

person would find it hostile or abusive, and the victim must subjectively perceive the work environment to be abusive." *Id*. at 321 (citation and internal quotation marks omitted). "The incidents complained of must be more than episodic; they must be sufficiently continuous and concerted in order to be deemed pervasive." *Id*. (internal quotation marks omitted). We look to the "totality of the circumstances," which includes "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance." *Id*. (citation and internal quotation marks omitted). Here, the evidence brought forth at summary judgment is insufficiently severe to satisfy the objective component of the hostile work environment analysis.

First, the conduct here was not so continuous as to create an objectively hostile work environment. The most serious event was a 2014 booking room incident in which Slensby approached Perry from behind, placed his hands on Perry's shoulders, and made sexually inappropriate remarks. While distasteful, this incident was not repeated and the evidence offered at summary judgment showed that Slensby never again touched Perry or made similarly vulgar comments. Of the three incidents which Perry complains, two involved one-sentence comments and all were separated by a period of years. These incidents are not sufficiently "continuous and concerted" as to satisfy the objective component of a hostile work environment claim. *See, e.g.*, *Raspardo v. Carlone,* 770 F.3d 97, 118 (2d Cir. 2014) (noting that three instances of commentary and offering a ride to a coworker were not sufficiently "severe or pervasive" as to make out a hostile work environment claim (internal citation and quotation marks omitted)).

Second, while a single episode may be sufficient to give rise to a hostile work environment claim, the booking-room incident falls short of the severity required to make out such a claim. *Compare Alfano v. Costello*, 294 F.3d 365, 374 (2d Cir. 2002) (noting that generally "episodic"

3

events will generally not suffice to establish a hostile work environment), *with Mathirampuzha v. Potter,* 548 F.3d 70, 79 (2d Cir. 2008) (noting that a single incident of "rape, for example" could create a hostile work environment (internal quotations omitted)).   We have emphasized that for a single incident to suffice for a hostile work environment claim, it must be "extraordinarily severe." *Alfano*, 294 F.3d at 374.   Given that the physical contact was minor and, as discussed below, Slensby's conduct and statements occurred in a workplace characterized by a degree of vulgarity, the booking-room incident was not so severe as to rise to this level.   *See, e.g.*, *Vito v. Bausch & Lomb Inc.*, 403 F. App'x 593, 596 (2d Cir. 2010) (summary order) (affirming dismissal of hostile work environment claim which included several instances of a supervisor touching an employee's shoulders as well as other instances of the supervisor touching, *inter alia*, the employee's "back and side").

Finally, it *is* undisputed that the workplace environment here was characterized by a degree of offensive language and sexual remarks in which Perry himself had participated and which sometimes included physical contact.   *See* JA 350–51 (Perry's deposition testimony noting that he had "talked about sex" with other officers and that other officers had said "outrageous things" to be funny).   In this context, Slensby's conduct and comments were not so humiliating as to take them outside the run-of-the-mill, if unpleasant, vulgarity present in this workplace.[1]   *See, e.g., Oncale v. Sundowner Offshore Servs., Inc.,* 523 U.S. 75, 80–82 (1998) (noting that the Title VII inquiry is sensitive to the range of conduct expected and tolerated in different workplaces).

---

[1]   Perry argues that the district court engaged in impermissible fact-finding in reaching similar conclusions below.   We disagree.   While it is true that Perry testified that the language used by Slensby was more vulgar than Perry typically observed in the workplace, *see* JA 354, Perry also testified that discussions of sex and outrageous comments were common in his workplace, s*ee* JA 350–51.   Further, whether Perry viewed Slensby's comments as jokes or as sincere expressions of sexual interest does not dictate our analysis as to the objective severity of the comments in light of the undisputed facts regarding the prevailing workplace atmosphere.

4

Given the undisputed facts considered in the context of the workplace at issue, the conduct Perry describes is more properly characterized as "mere offensive utterance[s]" rather than the "physically threatening or humiliating" conduct condemned by Title VII and the 14th Amendment. *See, e.g., Harris v. Forklift Sys.*, 510 U.S. 17, 23 (1993) (noting that a "mere offensive utterance" is not sufficient for a hostile work environment claim).

While Perry argues that "coincident verbal and physical conduct" strengthens the objective offensiveness of the challenged conduct, the broader context of that "coincident" conduct here includes the fact that it was brief, not repeated, and took place in a workplace characterized by a significant degree of joking and sexual remarks. Given these factors, the district court was correct to grant summary judgment in Slensby's favor.

*       *       *

We have considered Perry's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk